# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| CLAUDETTE CHAISSON, | § | |
| Individually, as next friend of | § | |
| Minor Jonathon V. Chaisson, and as | § | |
| Administratrix of the Estate of | § | |
| John V. Chaisson, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-0506 |
| | § | |
| HORNBECK OFFSHORE SERVICES, | § | |
| INC., *et al.*, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Intervention [Doc. # 17] filed by biological children of Decedent, John V. Chaisson. Plaintiff filed a Notice of Non-Opposition [Doc. # 20] and none of the Defendants have filed any opposition or requested an extension of time to do so.[1] Having reviewed the record and applied the governing legal authorities, the Court **grants** the Motion for Intervention.

Plaintiff Claudette Chaisson filed this lawsuit on her own behalf, on behalf of her minor son Jonathan V. Chaisson, and as Administratrix of the Estate of John V. Chaisson. Plaintiff alleges that her husband, John V. Chaisson, was injured and killed

---

[1] Pursuant to the Local Rules of the United States District Court for the Southern District of Texas, failure to respond to a motion is taken as a representation of no opposition. S.D. TEX. R. 7.3, 7.4.

while working onboard a vessel owned and operated by Defendants Hornbeck Offshore Services, Inc. and/or Hornbeck Offshore Transportation LLC (collectively, "Hornbeck").  At the time of the incident that forms the basis of this lawsuit, the vessel was moored at Defendant Exxon Mobil Corporation's dock in St. Bernard Parish, Louisiana.  Kim Roy, John Michael Chaisson, and Christopher John Chaisson, adult biological children of the Decedent, have moved to intervene as Plaintiffs.

A party is entitled to intervention as a matter of right "when the applicant claims an interest relating to . . . the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." FED. R. CIV. P. 24(a)(2). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (quoting *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994)).

Movants clearly have an interest in the subject of this lawsuit.  They are the adult biological children of the Decedent from his first marriage.  Because it is believed that the Decedent died without leaving a will, Movants could be heirs to Decedent's estate.  The disposition of the lawsuit may as a practical matter impair their ability to protect their interest if they are not allowed to intervene.  Their interests

may not be adequately protected by the current Plaintiff, who is the Decedent's second wife and the mother of the minor child from that second marriage.

Movants have demonstrated that they are entitled to intervene as a matter of right pursuant to Rule 24(a)(2).[2] Plaintiff has filed a Notice of Non-Opposition, and Defendants have not filed any opposition to the Motion for Intervention. Accordingly, it is hereby

**ORDERED** that the Motion for Intervention [Doc. # 17] is **GRANTED**. Counsel for Intervenors is directed to file their Intervenors' Original Complaint, currently Exhibit 2 to the Motion for Intervention, as a separate docket entry.

SIGNED at Houston, Texas, this 23rd day of **July, 2009.**

_____
Nancy F. Atlas
United States District Judge

---

[2] Even if Movants were not entitled to intervene as a matter of right, the Court would allow them to intervene under Rule 24(b)(1), which permits intervention on a timely motion if the movants' "claim or defense and the main action have a question of law or fact in common."